**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

BRIAN C. FRANKLIN,

        Petitioner,

v.                                            Case No. 04-71235

CARMEN D. PALMER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S "MOTION
FOR INDIGENT ENTITLEMENT DOCUMENTS"**

On April 4, 2004, Petitioner Brian C. Franklin filed a petition for writ of habeas corpus, attacking his state court conviction and sentence for armed robbery. Petitioner asserted ten claims, but admitted that he had not exhausted state remedies for nine of those claims. Petitioner further stated that he was simultaneously pursuing state remedies for claims two through ten in a motion for relief from judgment, filed in state court, and that he sought to have this court hold his habeas petition in abeyance until he could exhaust state remedies for all his claims.

On May 11, 2004, this court granted Petitioner's request to hold his case in abeyance, stayed claim one, and dismissed claims two through ten so that Petitioner could pursue state remedies for those claims. The court's stay was conditioned on Petitioner returning to federal court with an amended habeas corpus petition within thirty days of exhausting state remedies. To avoid administrative difficulties, the court ordered the Clerk of Court to close this case for statistical purposes only.

Now pending before the court is Petitioner's "Motion for Indigent Entitlement Documents," filed December 22, 2008.  In his motion, Petitioner (1) alleges that he has not been able to exhaust state remedies for his dismissed claims due to his transfer to another prison and his inability to gain "meaningful access" to a law library (Pl.'s Mot. ¶¶ 3, 6); (2) asks the court whether there are "any avenues for possible relief" available to him (Pl.'s Mot. ¶ 7); and (3) requests the court to provide him with "pertinent parts of the record," pursuant to 28 U.S.C. § 2250 (Pl's Mot. at 3).

First, the doctrine of exhaustion of state remedies requires state prisoners to exhaust available remedies in state court before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  State prisoners must "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).  Courts can lift a stay and allow the petitioner to proceed in federal court after he exhausts state remedies for any unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).  Because Petitioner concedes that he has not exhausted state remedies for dismissed claims two through ten, the court cannot offer relief on those claims at this time and will therefore not permit Petitioner to amend his habeas petition to reinstate those claims.  *See id.*

Second, Petitioner requests information as to "any avenues for possible relief." This fairly vague request may be seeking generalized legal advice which the court will not provide.  However, interpreting Petitioner's request generously, *see Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21

2

(1972)), Petitioner could be seeking to proceed with claim one in federal court. Petitioner may choose to do this, and if he does, the court will reinstate his habeas petition only as to claim one[1] on its active docket and order the State to file a responsive pleading.  If Petitioner chooses this option, he should be aware that one consequence may be abandonment of claims two through ten and the possibility that he will be prevented from later bringing these claims in federal court by the limitations imposed upon second or successive habeas petitions under 28 U.S.C. § 2244.  Petitioner could alternatively continue on his present path to attempt to exhaust state remedies for claims two through ten.

Third, all orders in this case have been mailed to Petitioner, and the only other items in the case are documents filed by Petitioner himself.  Therefore, Petitioner has been provided or himself possesses all documents from the record in the instant habeas proceeding.  Accordingly,

IT IS ORDERED that Petitioner shall inform the court within **twenty-one (21) days** of the date of this order whether he wishes to proceed with claim one or desires to have the court continue to hold his case in abeyance while he attempts to exhaust state remedies for claims two through ten.

---

[1] Petitioner is reminded that the court noted in its May 11, 2004 Order that Petitioner appears to have procedurally defaulted claim one, and habeas review is generally unavailable for procedurally defaulted claims.  (5/11/04 Order at 4, 4 n.1.)

IT IS FURTHER ORDERED that Petitioner's "Motion for Indigent Entitlement Documents" [Dkt. # 5] is DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: February 20, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record and Brian C. Franklin #185570, Riverside Correctional Facility, 777 W. Riverside Drive, Ionia, MI 48646 on this date, February 20, 2009, by electronic and/or ordinary mail.

      s/Lisa Ware for Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522